IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ashle Nicole Speakes,

    Plaintiff,

  v.                          Case No. 2:14-cv-598

Carolyn W. Colvin,
Acting Commissioner of
Social Security,

    Defendant.

ORDER

    Plaintiff Ashle Nicole Speakes brings this action under 42 U.S.C. §§405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for child's disability insurance benefits and supplemental security income, and for a period of disability and disability benefits. In decisions dated January 24, 2013, and January 31, 2013, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of a mood disorder, an attention deficit hyperactivity disorder (inattentive type), a schizoaffective disorder, and a borderline personality disorder. PAGEID 44, 63. After considering the entire record, the ALJ found that plaintiff has the residual functional capacity ("RFC")

> to perform work at all levels of physical activity, with the exception that she is limited to the performance of simple, routine, and repetitive tasks that are low stress in nature (defined as requiring only occasional decision making and as involving only occasional changes in the work setting) that allow for her to be off task for five percent of a work day and that do not involve production rate or pace work, money management, more than occasional interaction with supervisors, and more than frequent interaction with coworkers and the public.

PAGEID 50, 68. The ALJ also considered the hearing testimony of

Lynne M. Kaufman, M.S., a vocational expert, and concluded that because there were jobs in the national economy which plaintiff could perform, a finding of "not disabled" was appropriate. PAGEID 56, 74. This matter is before the court for consideration of plaintiff's August 5, 2015, objections (Doc. 17) to the July 22, 2015, report and recommendation of the magistrate judge (Doc. 16), recommending that the decision of the Commissioner be affirmed. The Commissioner has filed a response to the objections.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence

exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objections

A. ALJ's Consideration of Obesity

Plaintiff argues that the ALJ erred in not finding that her obesity was a severe impairment. The court notes that not every diagnosable impairment is disabling. *Lee v. Comm'r of Soc. Sec.*, 529 F.App'x 706, 713 (6th Cir. 2013). Disability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it. *Hill v. Comm'r of Soc. Sec.*, 560 F.App'x 547, 551 (6th Cir. 2014). The court further notes that in drafting a decision, the ALJ is not required to discuss every piece of evidence in the record, see *Thacker v. Comm'r of Soc. Sec.*, 99 F.App'x 661, 665 (6th Cir. 2004), and an ALJ's failure to cite specific evidence does not indicate that it was not considered, see *Simons v. Barnhart*, 114 F.App'x 727, 733 (6th Cir. 2004).

The magistrate judge correctly noted that the ALJ addressed plaintiff's obesity in his step two analysis. Doc. 16, p. 9. The

3

ALJ stated that although plaintiff had been diagnosed with obesity and other physical impairments, including hypertension and hypothyroidism, "the record fails to document that any of these impairments are severe" and that "the objective evidence of record fails to establish that the claimant experiences any functional capacity limitations arising from any physical impairment." PAGEID 47. The ALJ cited numerous records of physical examinations which "have failed to document any objective established abnormalities" and noted that "none of the claimant's treating or examining physicians have ever assessed that the claimant experiences any functional limitations arising from these conditions." PAGEID 47. The ALJ referred to the February 18, 2011, opinion of Dr. Steve E. McKee, M.D., a state agency reviewer, who noted that plaintiff's physical conditions were not considered severe. PAGEID 47, 152. The ALJ considered the October 24, 2011, opinion of Dr. Rachel Rosenfeld, M.D., a state agency reviewer, who noted that no severe physical impairment was found and that obesity didn't appear to cause any specific functional limitations. PAGEID 47, 201. The ALJ also noted that plaintiff's prehearing brief acknowledged that plaintiff had no exertional limitations. PAGED 47 (citing Ex. 18E at p. 2).

Insofar as plaintiff's complaints of back and leg pain can be construed as a symptom of obesity, the ALJ addressed those complaints and found that plaintiff's testimony concerning the intensity, persistence and limiting effects of these symptoms was not entirely credible. PAGEID 51, 70. In evaluating a claimant's complaints, an ALJ may properly consider the credibility of the claimant, and the ALJ's findings based on the credibility of the

4

applicant "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997); Soc. Sec. Rul. 96-7p, 1996 WL 374186 at *4 (Soc. Sec. Admin. July 2, 1996). Here, the ALJ noted that plaintiff sought treatment for her back pain on only one occasion in 2010, and that an August, 2011, examination revealed that plaintiff had full 5/5 muscle strength, normal deep tendon reflexes, intact sensation, and a negative straight leg raising response. PAGEID 51-52, 70. The ALJ also observed that plaintiff reported to Margaret G. Smith, Ph.D., during a consultative examination on April 13, 2011, that her daily activities included bowling, playing soccer, walking and lifting weights. PAGEID 45-46.

Plaintiff argues that the ALJ failed to consider the impact of obesity on her mental impairments. However, her objection does not refer to any specific evidence in the record linking her obesity to any particular mental impairment. The ALJ noted that during a consultative evaluation on June 17, 2008, Dr. David H. Weaver, Ph.D., diagnosed plaintiff as having an eating disorder of an unspecified type. PAGEID 45. However, the ALJ stated that the record failed to document that this impairment is severe, and that none of plaintiff's treating or examining physicians "have ever assessed that the claimant experiences any functional limitations arising from an eating disorder, or that she is disabled or completely incapable of working as a result of an eating disorder." PAGEID 47. The ALJ also noted that plaintiff had only mild restrictions and difficulties in daily living and social

5

functioning: plaintiff visited with friends, maintained relationships with boyfriends, and denied any problems getting along with family, friends and others. PAGEID 49. The ALJ concluded, "There is no credible evidence of record that establishes that the claimant has not had at all relevant times hereto, the ability to perform the basic mental demands of work[.]" PAGEID 52.

The court agrees with the determinations of the ALJ and the magistrate judge that the record fails to substantiate that plaintiff's obesity resulted in any functional limitations.

B. ALJ's Weighing of Opinion Evidence

Plaintiff argues that the ALJ erred in weighing the conflicting opinion evidence in this case. As the magistrate judge noted, "[w]here there are conflicting opinions from various medical sources, it is the ALJ's function to evaluate the medical evidence and determine Plaintiff's RFC." *Swett v. Comm'r of Soc. Sec.*, 886 F.Supp.2d 656, 660 (S.D.Ohio 2012)(citing *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004)). The ALJ did not assign any significant weight to the June 17, 2008, consultative examination by Dr. Weaver because his opinion was unsubstantiated by the objective evidence or record and relied heavily on subjective reports of symptoms which were not corroborated by other evidence of plaintiff's functional capacity. PAGEID 54. The ALJ gave no significant weight to the July 16, 2009, opinion of Aimme M. Moore, MS. Ed, because is was based on plaintiff's lack of self-support at a time when plaintiff was a nineteen-year-old full-time student and could reasonably be expected to be living with her parent. PAGEID 54. The ALJ assigned no significant weight to

6

the June 24, 2010, opinion of Ghada Ltief, M.D., who concluded that plaintiff was unable to support herself because of her schizoaffective disorder.  The ALJ noted that Dr. Ltief's opinion was conclusory, provided little explanation of the information he relied upon in forming his opinion, and was based on plaintiff's lack of self-support at age twenty while attending college full time, when she could reasonably be expected to rely on parental support.  PAGEID 53.  *See Carreon v. Massanari*, 51 F.App'x 571, 574 (6th Cir. 2002)(ALJ may properly ignore statements of treating physicians that are conclusory and unsupported by the objective medical record).

The ALJ gave partial weight to the January 20, 2011, opinion of Nurse Sarah Alley, CNP, that plaintiff would be expected to experience a reduction in her functional capacity during exacerbations of her psychological symptoms.  However, Nurse Alley noted that plaintiff had experienced only one such episode, and that her functional capacity was only mildly to moderately affected by her psychological disorders when she was compliant with treatment.  PAGEID 53.  The ALJ accepted the February 18, 2011, and October 24, 2011, opinions of Carl Tishler, Ph.D., and David Dietz, Ph.D., state agency reviewers who considered plaintiff's medical records, as being accurate representations of plaintiff's status which were consistent with the greater weight of the medical evidence of record.  PAGEID 52-53.  A medical expert's opinion, based on a review of the complete case record, can constitute substantial evidence.  *Blakley*, 581 F.3d at 408-09.

Plaintiff argued before the magistrate judge that the ALJ erred in not specifying the weight given to the opinion of Dr.

7

Margaret G. Smith, Ph.D., who consultatively examined plaintiff on April 13, 2011. However, the ALJ obviously considered the evidence from Dr. Smith, which he summarized in his decisions. *See* PAGEID 45-46, 63-64. Because the ALJ accepted the opinions of Drs. Tishler and Dietz, who gave great weight to the opinion of Dr. Smith, *see* PAGEID 154-155, 191-193, the ALJ implicitly gave great weight to Dr. Smith's opinion as well. This court agrees with the conclusion of the magistrate judge, Doc. 16, p. 12, that any procedural error caused by the ALJ's failure to specifically assign a weight to Dr. Smith's opinion was harmless. *See Sneller v. Colvin*, No. C12-4113-MWB, 2013 WL 5969662 at *9 (N.D.Iowa, Nov. 7, 2013)(declining to remand due to ALJ's failure to identify the weight given to medical opinions so that ALJ could simply state what was obvious from his decision and the record).

The ALJ did not err in considering and weighing the competing opinions in this case.

C. Consideration of the Opinion of Nurse Alley

Plaintiff argues that the ALJ did not comply with Soc. Sec. Rul. 06-3p, 2006 WL 2329939 (S.S.A. Aug. 9, 2006), in addressing the opinion of Nurse Alley. Under that policy statement, the records of Nurse Alley, a nurse practitioner, are deemed to be "other source" evidence as defined in 20 C.F.R. §§404.1513(d) and 416.913(d). *See* SSR 06-3p, 2006 WL 2329939 at *2. Although evidence from "other sources" cannot establish the existence of a medically determinable impairment, information from "other sources" "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id.* Factors which the ALJ can apply to opinion evidence from "other sources"

8

include: how long the source has known and how frequently the source has seen the individual; how consistent the opinion is with other evidence; the degree to which the source presents relevant evidence to support an opinion; how well the source explains the opinion; and whether the source has a specialty or area of expertise related to the individual's impairment. *Id.*, 2006 WL 2329939 at *4. An ALJ need not weigh all the factors in every case, but generally should explain the weight given to other source opinions in a manner sufficient to ensure that a subsequent reviewer can follow the ALJ's reasoning. *Id.*, 2006 WL 2329939 at *5-6. A formulaic recitation of the factors for weighing a nurse practitioner's opinion is not required. *See Starr v. Comm'r of Soc. Sec.*, NO. 2:12-cv-290, 2013 WL 653280 at *6 (S.D.Ohio Feb. 21, 2013).

    The court agrees with the finding of the magistrate judge, Doc. 16, p. 15, that the ALJ complied with SSR 06-3p. The ALJ recognized that Nurse Alley, a nurse practitioner at the Behavioral Clinic of Children's Hospital, had treated plaintiff since October 14, 2007, for a diagnosis of schizoaffective disorder, depressive type. PAGEID 46. The ALJ gave partial weight to Nurse Alley's January 20, 2011, opinion, in that he agreed that plaintiff would have great difficulty sustaining a regular work schedule during exacerbations of her psychiatric disorder. PAGEID 53. However, the ALJ noted that the objective evidence showed that plaintiff had experienced only one episode of increased psychological symptoms. PAGEID 53. The ALJ further agreed with Nurse Alley's opinion that when plaintiff was compliant with treatment, her psychiatric disorder did not significantly impair her ability to relate to

9

others and her cognitive status and daily activities were only mildly to moderately affected.  PAGEID 46, 53.  The ALJ noted that this opinion was consistent with his determination of plaintiff's RFC.  PAGEID 53.

The court agrees with the conclusion of the magistrate judge, Doc. 16, p. 15, that the ALJ adequately described his reasoning process with respect to the weight he gave to Nurse Alley's opinion.

III. Conclusion

Having reviewed the record *de novo*, the court determines that there is substantial evidence supporting the ALJ's determination that plaintiff is not disabled, as defined in the Social Security Act.  The court overrules plaintiff's objections (Doc. 17) and adopts and affirms the magistrate judge's report and recommendation (Doc. 16).  The Commissioner's decision is affirmed, and this action is dismissed.

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the clerk shall enter final judgment affirming the decision of the Commissioner and dismissing this action.

It is so ordered.

Date: August 14, 2015                   <u>     s/James L. Graham     </u>
                                        James L. Graham
                                        United States District Judge